UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DAVID HAMILTON (#108298)**                                    **CIVIL ACTION NO.**

**VERSUS**                                                                      **21-199-JWD-SDJ**

**JOHN ORR, ET AL.**

## ORDER

Before the Court are a "Motion to Order the Defendants to Release Electronic Stored Information" ("Motion to Compel")[1] and a "Motion for Sanctions for Spoliation of Evidence" ("Motion for Sanctions")[2] filed by Plaintiff David Hamilton, who is representing himself and is confined at the Louisiana State Penitentiary in Angola, Louisiana. Defendants have filed oppositions to both Motions.[3]

### I.     Motion to Compel

The Court interprets the first motion filed by Hamilton as a motion to compel. The Motion to Compel requests that the Court order Defendants to release video footage of the incident occurring on September 18, 2020, which forms the basis of this lawsuit.[4] Defendants responded that no video footage of the incident exists, and therefore, they cannot produce information in compliance with Hamilton's request.[5] Defendants supported their assertion regarding lack of video footage with an affidavit of Randy Metz, who declared under penalty of perjury that no video footage exists regarding the incident forming the basis of this lawsuit.[6] Because this Court cannot order Defendants to produce what they do not possess, this Motion must be denied.

---

[1] R. Doc. 37.
[2] R. Doc. 47.
[3] R. Docs. 41 & 49.
[4] R. Doc. 37, p. 1.
[5] R. Doc. 41.
[6] R. Doc. 41-1.

## II. Motion for Sanctions

Presumably realizing the video footage no longer exists, Hamilton filed a Motion for Sanctions.[7] Rule 37(e) provides for remedies in the event that a party has failed to preserve electronically stored information:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> ****
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
> (A) presume that the lost information was unfavorable to the party;
> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
> (C) dismiss the action or enter a default judgment.

Based upon the Motion, it appears Hamilton is requesting the sanction of an adverse inference instruction.[8] "A party seeking the sanction of an adverse inference instruction based upon the spoliation of evidence must establish the following three elements: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind,' and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense."[9] "In addition, the Fifth Circuit only permits an adverse inference sanction

---

[7] R. Doc. 47.
[8] R. Doc. 47, p. 3 ("The Court could adamantly infer and conclude that the defendants and its representative had all the footages destroyed to bottle up the truth of the incident."); p. 4 ("The Court permits adverse inference against the spoliator ….").
[9] *Consol. Aluminum Corp. v. Alcoa, Inc.*, 244 F.R.D. 335, 340 (M.D. La. 2006) (citing *Zubulake v. UBS Warburg, LLC*, 220 F.R.D. 212, 220 (S.D.N.Y. 2003)).

against a destroyer of evidence upon a showing of 'bad faith' or 'bad conduct.'"[10]  "Mere negligence is not enough to warrant an instruction on spoliation."[11]

Here, the Court need not reach all factors because Plaintiff has failed to show that Defendants acted in bad faith or with a "culpable state of mind."[12]  "For the spoliator to have a 'culpable state of mind,' it must act with fraudulent intent and a desire to suppress the truth."[13] "Typically, the giving of an adverse inference instruction has been upheld where the facts of the case are extreme, such as where the destroyed evidence was the very automobile that was the subject of the products liability action."[14]  An inference of bad faith is not automatically drawn "simply because documents are destroyed after the initiation of litigation."[15]

Hamilton urges the court to infer that "the footages" were "destroyed to bottle up the truth," but he has not presented any evidence from which this may be inferred.[16]  Though Hamilton filed a grievance, there is no evidence that any Defendant or the custodian of the footage was aware of the pending grievance or had any notice that the footage should be preserved.  As a result, Hamilton has failed to convince the Court that the deletion of video footage was motivated by fraud or a desire to suppress the truth, or that Defendants "intended to prevent use of the [video footage] in

---

[10] *Id.* (citing *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191 (5th Cir.2005); *King v. Ill. Cent. R.R.*, 337 F.3d 550 (5th Cir. 2003); *U.S. v. Wise*, 221 F.3d 140, 156 (5th Cir. 2000)).
[11] *Russell v. Univ. of Tex. of Permian Basin*, 234 F.App'x 195, 208 (5th Cir. 2007) (quoting *Vick v. Tex. Employment Comm'n*, 514 F.2d 734, 737 (5th Cir. 1975)) (modification and internal quotations omitted).
[12] The Court is not persuaded by the argument that an adverse inference instruction would not be warranted merely because the footage was in control of the investigation department and not Defendants.  *See Woods v. Scissons* No. 17-8038, 2019 WL 3816727, at *4 (D. Ariz. Aug. 14, 2019) (noting that the entity who controlled the evidence was not an uninterested party and had a duty to preserve the evidence).  Though Defendants argue "[t]he case law is clear that only the party responsible for intentional destruction of evidence can be sanctioned," they failed to cite any case law in support of this proposition.  R. Doc. 49, pp. 4-5.
[13] *Consol. Aluminum Corp.*, 244 F.R.D. at 343-44.
[14] *Id.* (citing *Concord Boat Corp v. Brunswick Corp.*, No. 95-781, 1997 WL 33352759 (E.D. Ark. Aug. 29, 1997)).
[15] *Russell*, 234 F.App'x at 208 (citing *Vick*, 514 F.2d at 737).
[16] R. Doc. 47, p. 3.

this litigation."[17]  Considering the foregoing regarding the Motion to Compel and because Plaintiff has failed to show that an adverse inference is warranted here,

**IT IS ORDERED** that Hamilton's "Motion to Order the Defendants to Release Electronic Stored Information"[18] is **DENIED**.

**IT IS FURTHER ORDERED** that Hamilton's "Motion for Sanctions for Spoliation of Evidence"[19] is **DENIED.**

Signed in Baton Rouge, Louisiana, on November 28, 2022.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] *Consol. Aluminum Corp.*, 244 F.R.D. at 346.
[18] R. Doc. 37.
[19] R. Doc. 47.